The President-Elect of the United States v. Rampalli Singh And if you could just hang on for a second, Mr. President. Okay, thank you. Mr. Zass, whenever you're ready. Good morning, Your Honors. May it please the Court, Edward Zass, Federal Defenders of New York, for Appellant Drupati Singh. The District Court committed plain error under Parkins, Jimenez, and similar cases by imposing a special condition of supervised release that requires Ms. Singh to perform 30 hours of community service every week she's unemployed with no cap. This means that over the course of her three-year supervisory term, the condition could require as many as 4,680 hours of community service. It could, but it could require none. That is true, Your Honor. Why is it right if we don't know? It is right because this is a part of the sentence that's imposed as part of the final judgment. Ms. Singh has a right to appellate review of whether it was imposed in accordance with this Court's precedent, whether it's procedurally or substantively unreasonable. And although it's theoretically possible that she may never have to do any community service, that is extremely unlikely given her history and the fact that she'll be coming out of a 57-year prison term as a convicted felon with serious medical problems. Also, if the Court does not resolve the issue now, Ms. Singh is going to be harmed. Let's imagine that the Court withholds judgment and then after 57 months, Ms. Singh is released and she does not immediately have paid employment. She, under the terms of the judgment, must perform community service. And the government says, well, if that happens, just go back to the district judge and make a motion under 3583E1 to have the condition modified. But this Court has held that modification under 3583E is not an occasion for that Court to review the procedural or substantive reasonableness or any other legal defect in the sentence. The time to do that is on direct appeal, which is exactly what we're trying to do. And at that point, she would likely not have counsel. Is that correct? She would not have a right to counsel. Even if she were to have counsel, we'd all have to start from the beginning. If it's not me, maybe I'll retire someday. A new lawyer would have to get up to speed. The prosecutor would have to get up to speed if it's a different prosecutor. Full briefing, and I have a feeling that in four or five years, we're going to be exactly where we are. There's no need to go through that process. You have the briefs. The issue is resolved based on the sentencing transcript. That's not going to change. This is not the kind of case where the Court has held a condition to be unripe. Those typically involve either some need for some further factual development at a later point or some changing technology where it might make sense to say, well, for example, when the defendant says a lie detector, a polygraph condition, isn't sufficiently reliable, the Court has said, well, that's going to depend on what the technology is six years from now. So there might be a good reason to find the case not prudentially ripe and see how things go. But this is not that kind of case. It's clear under Parkins that if, as is likely, Ms. Steng does not have full-time employment for the entire three-year term, she's going to have to do community service, and that is a real injury, particularly the amount with no cap that the judge ordered. The only explanation— If we were addressing substantive reasonableness, I don't know how we assess that without knowing how many hours of community service she is, in fact, required to work. Well, I think that aspect of it is a stronger case for unrightness. The claims—unfortunately, this is true— So then you're focused on procedural unreasonableness. I'm focused on both, but I do think it's a stronger case that there may be evolving facts on substance. Because, for example, we don't know how bad Ms. Steng's health will be when she's released. Knowing care at the BOP, I don't think she's going to be in better health, but we don't know. But procedural reasonableness is ripe now. There's no good reason to wait. In fact, there's strong reasons not to wait, because Ms. Steng may never have a remedy if you don't decide the issue now. Just a small factual point. The last reference I saw in the brief to Ms. Steng's surrender date was actually today. Is that still in place, or did that get adjourned again? It was moved to—I believe the new surrender date is August, because of— Her health continues to be poor. Continues to worsen, and as I understand it, the doctors were afraid even to give her anesthesia because of a seizure disorder. And so the judge has put off the surrender until August. I don't think that really affects— No, it doesn't. I was just curious. Yes, yes, you're right. The only explanation the court gave for this many hours, potentially, was the belief that community service will keep Ms. Steng out of trouble. Somewhat ironically, right? I mean, having her work to stay out of trouble is highly ironic, given that she got in trouble precisely at work, that her crimes were facilitated by the fact that she was working as a bookkeeper. I hope the community service that is contemplated is not doing the books for a nonprofit organization. That is an excellent point, Judge. It does— You're not challenging the imposition of the work requirement, are you? No, no, that is a standard condition of paid work at least 30 hours. That's not being challenged. Of course, another thing that occurs to me is that the government's rightness argument kind of circles back on them. Why shouldn't they—why shouldn't the government bear the burden of the uncertainty that exists with respect to whether the defendant will be able to find work or physically able to work or simply thumbs her nose at the work requirement? If any of that occurs, there will be plenty of time at that point to assess whether community service should be substituted, whether the work requirement should be dispensed with in the interest of she just is not physically capable. And we can assess all of that then. But we've got the standard work condition in place. We'll see how it works out. Why should we have this highly questionable backstop in place when there's really no need for just the reasons that the government cites? It can be re-evaluated if, as, and when there is some reason to believe that Ms. Singh is failing to comply with the paid work requirement for reasons under her control or not under her control or elsewhere. That is exactly right. The government can make a motion under 3583E at any time to modify—to add community service if after—at that time Ms. Singh, if whatever—this is not going to happen because Ms. Singh actually likes to work, wants to work. But if she can't work and she has trouble, the government can decide, well, she's not really trying, and ask the judge for a community service condition and it would solve a lot of the uncertainty, but in a way that doesn't potentially cause irreparable injury to Ms. Singh. On the point of irony, Judge, you're exactly right. I mean, this is—the government says it's self-evident that Ms. Singh needs this much community service, but this is not the typical case where a defendant is never seeking work and finds himself or herself on the same street corner selling drugs, where you might think it is, if not self-evident, it's very compelling. But Ms. Singh, as Your Honor pointed out, has seemed to get in trouble when she is at some form of organized work. And we're not saying that, of course, that it's not an appropriate condition, that it couldn't be reimposed. You don't challenge either the substantive or procedural reasonableness of the work condition? Of the paid work condition? Correct. That's right. That's right. It's only the community service condition. I just want to just leave you on the ripeness point because I think it's fair to say that the case is not exactly a model of consistency on when these kinds of conditions are ripe and unripe, so there are summary orders that seem to go different ways. But just as a general principle, and this kind of goes to your point, Judge Nathan, I would distinguish between challenges to the imposition of a condition versus challenges to the implementation or application or enforcement of a condition. So we're challenging the imposition now of the condition under the legal requirements. There are other cases that are more appropriately viewed as a challenge to how a condition might be implemented down the road. And those, it seems to me, are better candidates for the court to withhold judgment, to see, in fact, how it's implemented. I don't understand why that isn't this case because whether or not she will, we don't know. I mean, just using that standard, which is sort of how I think about the admittedly fuzzy line in the ripeness decisions, we don't know how it will be implemented. We don't know how many hours of community service she will work. So why doesn't that test cut the other way? Well, it's always a question, I think, of probabilities. We know that there's a substantial likelihood that Misting is going to have to do at least some community service. I don't think I realize that that's the case from the record. You're saying because of illness, because of her sentence? What are you saying? I'm saying that, and we pointed to some empirical data on this, felons in general coming out of prison have a notoriously tough time finding employment and certainly finding paid employment right away. I mean, for what it's worth, in the reentry court that I do, which is high-risk offenders immediately after release, the task is to get them employed, and I would think someone with Misting's profile actually wouldn't have a difficult time getting employed. Well, it's possible, Judge, but it's, I think, more likely than not that she will not have paid employment on day one. Right, but if she has it on day two, she hasn't worked more than 30 hours of community service. So we still don't know if it's been implemented in any way that violates, that is either procedurally or substantively unreasonable. Well, we know the imposition of the condition right now is procedurally unreasonable because the court didn't give the reasons that are required. It is illegal right now. The question you're asking is, is it right? Is there a reason to wait to see if it's not going to be illegal when she comes out? And in your example, she is required, if she doesn't have a job that first week, the judgment says she has to do community service. If she does find a job, and then she loses the job after three months, she has to do community service. And our challenge, just to be clear, it's not just the amount over 400 that's improper. It's any amount because any amount is part of a special condition, and every special condition requires an individualized assessment and no greater deprivation than necessary and reasonably related to the sentencing factors. So just to sum up, I think the fair thing to do, the efficient thing to do, is to send it back for the judge to either give better reasons, delete community service, give no community service and leave it open to the government to come back. Or strike it and affirm as modified. That's true. We have no objection to that. I think you would. Thank you for your time, Your Honor. All right. Thank you. May it please the court. My name is John Vagelatos. I'm an assistant United States attorney in the Eastern District of New York. I represented the government in the district court. As Judge Nathan noted, there is no evidence or indication that there is anything beyond speculation that the defendant will have to serve any community service. In fact, as . . . Well, if there's no reason to think that this will ever be a problem, why do we need a backstop condition for what happens if she doesn't get work, if the expectation is she will get work, then why can't we just have that be the condition as is required? And then if, as, and when it turns out that she does not get paid work, the government can come in and ask that instead she be required to do community service. She can defend by saying I can't do anything because I'm too ill or I can't be employed because no one will hire me with my record or whatever, and the court will decide what's sensible to do at that point. Why isn't that the reasonable thing to do here? None of those arguments or issues were raised by the defendant. Well, I understand that, but the argument is that it's plain error to impose a community service obligation when literally there is no reason beyond it will keep her busy. Right? I mean, is that not the only thing that the judge said about why she should have this obligation? Judge Brown, in the culmination after an extended sentencing where he discussed the nature of her crime and her recidivism specifically, culminated his analysis with the statement that, in conclusion essentially, he believed that based on the nature of her crime and its brazenness that What is it that she's going to do if she gets out of jail and is unemployed that would constitute recidivism when her crimes have all been embezzlement-type crimes and scams that depended on the fact that she was working as a bookkeeper for an accountant? I mean, what is it that we're protecting the world against by keeping her from having idle hands? The government isn't prepared to speculate as to the types of crimes she could engage in whether white-collar or otherwise if she wasn't having a productive use of her time. But Judge Brown, in evaluating both the nature of her crime and her recidivism, which he found exceptionally brazen I'll grant you that it is not the ordinary defendant who is found to have committed embezzlement from an employer who hired her while she was under indictment for effectively embezzlement. I grant you that is impressive. But I'm still just having trouble understanding why this whole community service thing matters now. I mean, it's the government's argument. I understand the argument that it's not really ripe to decide this. But my question is, why does she have to bear the burden of laboring under this condition for the next five years? At the rate she's going, it's not even clear when she's ever going to start serving a nearly five-year sentence. She's already over 60. This is not the most employable group of people in the world, if only because of discrimination. But I don't imagine that she's going to be in much position to bring an age discrimination claim against somebody who won't hire her, at least in any position of responsibility. So I'm just having trouble understanding why this. And I don't think the district judge, with all respect, gave any plausible explanation for why this was a necessary condition to aid in her rehabilitation. Your Honor, I believe that Ms. Singh, who, in arguing at her sentencing, claimed that she was very adept at getting jobs, a hard worker, in the defense sentencing submission said that she wanted to work, created a record that she is highly able and motivated to find employment. In fact, the fact that she... Did the district court say that's not true, that's a lie? I don't find you credible in that respect, and therefore I'm going to back up your work requirement with a what if? No, Your Honor, the district court did not make those findings. So if it is so likely that she is going to be able to find employment, why is it rational to have at this point in time an obligation to do what potentially is a life sentence of community service against the possibility that she won't? Look, there's something in all of these conditions of release cases. I understand that these are restrictions on liberty, and therefore we need to take them seriously. But sometimes when we get to this stage, I feel like we're arguing about trivia on both sides of the aisle, just trying to figure out who should bear the burden. It seems to me it's more rational to say this is a potential restriction on liberty, and so the burden has to be on the government to make sense of it, granting that both sides are sort of arguing contradictory things, and none of it makes a whole lot of sense. But why shouldn't the government have to bear that burden, and where do we think that that burden has been satisfied? I guess you've answered it. The district court said we need to keep her occupied. Yes, Your Honor, and I believe that would be tied to the motivation that she would be productively employed, whether in paid employment or community service, could also be viewed as a motivator to actually find paid employment, which would also serve to the restitution, which would help to do the restitution as well. But there is nothing in the record to make it any – the record is clear that it would be speculative that the community service would ever become – would exceed Parkin's 400-hour limit. And even if there comes a time when she would have to serve some community service, as the government – as a court held in Marshall, she could make an application at that time to modify. Judge Brown, in discussing her health conditions or her alleged health conditions, noted that, for example, the First Step Act was a way that she could make an application to address her health conditions if something came up. So by analogy, he's saying there are mechanisms whereby he could be approached to modify condition – her sentence as appropriate. And Marshall stands for this exact proposition, that at this time, the concept that her community service would ever rise to the level where it was plain error is simply not right. With regard to whether Judge Brown sufficiently set forth the reasons for the impossession of the work condition and the contingent community service condition, his explanation – he both explained that the reasons were set forth in the special condition form, which referred to the nature of the crime and the recidivism in the case. And then he explicitly stated that he found that those – the conditions that he listed on those forms were relevant to be based on the nature of the crime and the recidivism. That's at the appendix at 159. And so Judge Brown explained both in the special condition form and on the record his reasoning for the imposition of the special condition. And he explains – he explained earlier about how that was based on the crime being one of exceptional magnitude and brazenness, noting that even after this, the defendant did not seem at all deterred from additional criminal conduct. And that's extremely troubling. That's the appendix at 155 to 156. So Judge Brown engaged in a discussion of the nature of the crime and of the – what he perceives as a need to protect the public and to deter recidivism. And he explicitly stated both in the special condition form and in – on the record that that was his basis for imposing the condition. Thank you. Thank you, Your Honor. Thank you. Just a couple of quick points, Your Honors. The government says that our claim that Ms. Singh is going to have to do at least some community service is entirely speculative. Well, we don't know what the situation is going to be when she's released. The government's position is that she's going to have full-time employment – paid employment on day one and will never have to do community service. Seems to me that is –  If separate from the work requirement, the district judge had imposed 30 hours of community service and otherwise the record is the same – brazen, recidivism, I want to keep you busy – would you bring a challenge for substantive unreasonableness as to that condition under plain error? Just so I understand, is that in addition to the paid employment or in lieu of – Yes, so you've got paid employment and then a 30-hour community service requirement, otherwise the same record and no objection. Would you have a plain – would you prevail on a plain error challenge to substantive unreasonableness? I doubt it. Okay. I doubt it. And what about procedural reasonableness? If the record were exactly as it is – recidivism, brazenness, I want to keep you busy, keep you out of trouble – 30 hours. That would be – And again, no objections with plain error. That would be procedurally unreasonable under Parkins. I mean, Parkins – you'll recall Judge Berman wrote an 11-page opinion explaining why 300 hours a year was appropriate for that defendant. Went through all the 3553A factors, found it was crucial for that defendant. Still, this court said it was procedurally and substantively unreasonable. And the court there provided very similar rationale, in fact, more thorough rationale than here. The government there argued that the community service was justified because it would keep the defendant occupied in productive activities and away from negative influences. And the court said that may be a sound reason, but it's a generic reason, and it could apply to virtually every defendant. And community service is a special condition, and you need to have an individualized assessment as to that person. Right, but in the absence of objection, the question would be whether it's self-evident on the record, correct? That's right. And so we would look at this record and say – I mean, I suppose we might say she may or may not work. There's recidivism, brazenness and the like. I don't know. I mean, it seems hard to get to procedural unreasonableness for a 30-hour community service requirement under plain error. I take that to be a question about the self-evident nature of the reasoning. But remember, even here, the parties disagree about the reasoning. It's not self-evident at all. We say that when the judge specifically said, here's the reason, it's to keep you out of trouble. That's the reason. The government says, no, no, no, the reason incorporates all the reasons the judge gave for the prison term. But they acknowledge that that includes the punitive aspect, the retribution aspect. If that's true, that's improper, whether it's 30 hours or 6,000 hours, because the court has held that – So setting aside the improper basis for imposition of supervised release, we could look to the other reasons given for the incarceratory sentence in considering whether it's self-evident on the record to have imposed, in my hypothetical, 30 hours of community service, couldn't we? If the court – if you could be confident that those reasons were intended by the district judge to apply to the supervised release conditions, then yes, but here it's not at all self-evident. In fact, it seems contradicted by the record. There are two places where there are specific references to reasons for the conditions, special conditions. One is the special conditions form, which just says based on nature of offense and recidivism. And the other is on page 69 of the sentencing transfer where the special conditions include a work condition. Hopefully, you'll have paying work, but if you can't have paying work, you do volunteer work because I believe that will keep you out of trouble. And I believe all the other factors, all the other conditions I listed there were relevant to be based on the nature of the crime and the recidivism in this case. So you've got – it will keep you out of trouble. And again, you've got a reference to nature of the crime and recidivism. And that's pretty much all she wrote. I'm sorry? That's pretty much all she wrote. Yes, and those are the same kinds of plainly inadequate reasons that the court held were insufficient in Parkins. And that's the precedential published opinion. And that controls here. These reasons, even assuming that it goes beyond just to keep you out of trouble, which is all the judge said orally. Well, he did say all the other things that sound in recidivism and nature of the offense. So he did invoke that. Yes. But that harks back to the form, which, as you say, is the kind of thing that rightly or wrongly we rejected Judge Berman for saying. Yeah, and one additional – to me it's a little troubling. It seems to be on a kind of standard form that the judge is using. It's not unique to this case. And so my concern, the court doesn't have to address it, is that this may be a recurring sort of semi-standard, if you will, condition that the court is imposing. I mean, the 30 hours is built into the standard form. Just lastly, I see I'm over my time, but just very quickly, going back to kind of the Judge Nathan, Judge Lynch points about really who should bear the burden. Let's assume the government is wrong and she doesn't have full-time employment throughout the entire period. It only will take about 13 weeks of time before she arrives at 400. Thirteen times 30, so it's about a couple of months, really. And that is not speculative. That is just what most defendants run into, periods of temporary unemployment, longer unemployment. And if that happens, I guess she'll have to run immediately to the district judge and say, Judge, please eliminate the condition. And the judge will say why, and will say, Judge, you didn't give reasons when you first imposed it five years ago. The Second Circuit said you had to do that. He says, well, should have raised that on appeal. This is a modification motion. So let's say the judge denies that and she'll have to serve community service and she'll take an appeal to this court. That could take a year. But meanwhile, she's going to have to do the community service unless there's some extraordinary stay for a year before it's all briefed again and parties are back. It makes much more sense to me, in both fairness and efficiency, again, to solve the problem now. And we'd ask you to do so. Thank you. Thank you. Thanks to both of you. We'll take the case under advisement.